UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ASHFORD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 22-cv-4153- MMM |
| ) | |
| GREGG DONATHAN, ) | |
| ) | |
| Defendant. ) | |

## MERIT REVIEW ORDER

Plaintiff Anthony Ashford, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Center ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, pursues an action under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 1).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if the complaint states a federal claim.

The case is before the Court for a merit review pursuant to § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is

plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff alleges that Defendant Gregg Donathan, the Program Director at Rushville, created a policy that allowed the Behavior Committee to confiscate detainees' personal electronics as a disciplinary measure for refusing housing assignments. The policy became effective on August 1, 2022.

On August 9, 2022, Plaintiff alleges that he was assigned to a cell with resident L.P. Moore, who had attacked and threatened previous roommates. Plaintiff informed security that he was refusing the housing assignment. Plaintiff claims that security therapy aid Johnson, who is not named as a Defendant, came to his cell and confiscated his personal property. Plaintiff was then moved to the Fox Housing Unit. Plaintiff claims that he did not receive a notice of appearance to appear in front of the Behavior Committee before his electronics were confiscated. Plaintiff's electronics were returned to him on August 18, 2022.

On September 1, 2022, Plaintiff was assigned to a cell with resident D. Muntean, who Plaintiff claims touched his private parts while his roommates were present. On September 8, 2022, Plaintiff refused this housing assignment. Plaintiff alleges that security therapy aid Kulhan, who is not a party, came to his cell and confiscated his personal property, including his electronics, for refusing the housing assignment. Plaintiff alleges that he did not receive a notice of appearance to appear in front of the Behavior Committee before his electronics were confiscated.

Plaintiff claims that Defendant violated his rights under the First Amendment and his right to due process under the Fourteenth Amendment by issuing a notice of appearance before the Behavior Committee only after his electronics were confiscated. He also claims that Defendant violated his right to equal protection under the Fifth Amendment because other detainees who refused housing assignments were allowed to keep their electronics.

Finally, the Court notes that Plaintiff included many exhibits with his complaint. (Doc. 1 at 25-41). These attachments were not necessary to the complaint and were not considered in this Order. *See Spivey v. Pierce*, No. 10-cv-1050, 2010 WL 2331174, at n. 2 (C.D. Ill. June 9, 2010) ("Though proceeding *pro se*, [Plaintiff] must set out his facts and arguments in a coherent manner, rather than merely dumping all potentially-relevant documents upon the Court.").

## ANALYSIS

Plaintiff does not have the constitutional right to a roommate of his choosing. *See Riccardo v. Rausch*, 375 F.3d 521, 525-26 (7th Cir. 2004); *Smego v. Weitl*, No. 13-3068, 2016 WL 10934368, at *7 (C.D. Ill. Dec. 6, 2016), *aff'd sub nom. Smego v. Jumper*, 707 Fed. Appx. 411 (7th Cir. 2017) (civil detainee does not have a right to "a roommate of his own choosing"). Plaintiff alleges that Facility Director Gregg Donathan was responsible for creating the aforementioned policy, but he does not claim that Defendant Donathan was present or participated in the alleged conduct. Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted). The Court finds that Plaintiff has not provided enough information to support a plausible federal claim. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within 30 days.

**IT IS THEREFORE ORDERED:**

**(1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this Order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**(2) Plaintiff's petition to proceed in forma pauperis [3] is DENIED with leave to reassert if he amends his complaint.**

ENTERED:  2/3/2023

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge